IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No. CR-99-8-C |
| | ) | |
| GERALD LAMAR BOWEN, | ) | |
| | ) | |
| Defendant | ) | |

MEMORANDUM OPINION AND ORDER

Defendant filed a pro se Motion pursuant to 28 U.S.C. § 2255 to seek relief from his sentence of imprisonment. The Court appointed counsel to assist Defendant and counsel has filed a supplement to Defendant's Motion, as well as a Reply to Plaintiff's Response.

Defendant was charged in a two-count Indictment alleging the crimes of Armed Bank Robbery. He entered a plea of guilty to both counts. In preparation for sentencing, a Pre-Sentence Report was prepared which concluded Defendant was a Career Offender under USSG 4B1.1 based on two previous crimes of violence. The resulting Guideline range was 188 to 235 months for Count 1. The statute governing Count 2 required a five-year sentence. Defendant was sentenced to 188 months on Count 1 and 60 months on Count 2, to run consecutively.

Relying on Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551 (2015), and United States v. Madrid, 805 F.3d 1204, 1210-11 (10th Cir. 2015), Defendant argues that his sentence was calculated, in part, on a now-invalid basis. In Johnson, the Supreme Court held the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924, was unconstitutionally vague. In Madrid, the Tenth Circuit applied the Supreme Court's reasoning in holding the residual clause of § 4B1.1 to likewise be unconstitutionally vague. Defendant asserts that when sentencing him

the Court applied the Career Offender provisions of the Sentencing Guidelines that have now been invalidated and that he should be resentenced.

Defendant's argument is correct to a point. Clearly, the Tenth Circuit has invalidated the residual clause of § 4B1.1. However, neither the Tenth Circuit nor the Supreme Court has held that the decision in Madrid applies retroactively. While Defendant argues that it is clear that this rule should apply retroactively, the Court finds otherwise. First, the Supreme Court has agreed to consider the issue in Beckles v. United States, ___ U.S. ___, 136 S.Ct. 2510 (June 27, 2016). Second, the Tenth Circuit has held a case challenging application of the residual clause of § 4B1.1 in abeyance pending the Supreme Court's decision in Beckles. See United States v. Rollins, Case No. 15-1459 (10th Cir. July 5, 2016). In light of these decisions, the Court finds that holding this matter in abeyance pending the Supreme Court's decision in Beckles is the appropriate course of action.

For the reasons set forth herein, this matter is stayed pending a decision by the Supreme Court in Beckles. The parties are directed to notify the Court within ten days of the Supreme Court's decision in Beckles and advise the Court if any additional briefing is necessary for final disposition of Defendant's claim.

IT IS SO ORDERED this 18th day of October, 2016.

ROBIN J. CAUTHRON
United States District Judge