IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No. CR-99-8-C |
| | ) | CIV-16-496-C |
| GERALD LAMAR BOWEN, | ) | |
| | ) | |
| Defendant | ) | |

MEMORANDUM OPINION AND ORDER

Defendant filed a pro se Motion pursuant to 28 U.S.C. § 2255 to seek relief from his sentence of imprisonment. The Court appointed counsel to assist Defendant and counsel has filed a supplement to Defendant's Motion, as well as a Reply to Plaintiff's Response.

Defendant was charged in a two-count Indictment alleging the crimes of Armed Bank Robbery. He entered a plea of guilty to both counts. In preparation for sentencing, a Pre-Sentence Report was prepared which concluded Defendant was a Career Offender under USSG 4B1.1 based on two previous crimes of violence. The resulting Guideline range was 188 to 235 months for Count 1. The statute governing Count 2 required a five-year sentence. Defendant was sentenced to 188 months on Count 1 and 60 months on Count 2, to run consecutively.

Relying on Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551 (2015), and United States v. Madrid, 805 F.3d 1204, 1210-11 (10th Cir. 2015), Defendant argues that his sentence was calculated, in part, on a now-invalid basis. In Johnson, the Supreme

Court held the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924, was unconstitutionally vague. In Madrid, the Tenth Circuit applied the Supreme Court's reasoning in holding the residual clause of § 4B1.1 to likewise be unconstitutionally vague. Defendant asserts that when sentencing him the Court applied the Career Offender provisions of the Sentencing Guidelines that have now been invalidated and that he should be resentenced.

In Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886 (2017), the Supreme Court overruled Madrid, and held "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." Id., at 895. However, because Defendant here was sentenced at a time the Guidelines were mandatory rather than advisory, Beckles may not be dispositive of his § 2255 Motion. Because Defendant's claim fails on the merits, it is unnecessary to resolve the applicability of Beckles.

Assuming without deciding that Beckles does not foreclose Defendant's claim for relief, the issue is whether Defendant's prior convictions can qualify as predicate offenses under a clause of USSG § 4B1.1 other than the residual clause.

As noted above, Defendant has a prior conviction for violation of 18 U.S.C. § 2113(a) and (d) and for violation of § 13-902 of the Arizona statutes. Defendant argues that neither can qualify as a predicate felony as neither has as an element the use, attempted

Court held the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924, was unconstitutionally vague. In Madrid, the Tenth Circuit applied the Supreme Court's reasoning in holding the residual clause of § 4B1.1 to likewise be unconstitutionally vague. Defendant asserts that when sentencing him the Court applied the Career Offender provisions of the Sentencing Guidelines that have now been invalidated and that he should be resentenced.

In Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886 (2017), the Supreme Court overruled Madrid, and held "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." Id., at 895. However, because Defendant here was sentenced at a time the Guidelines were mandatory rather than advisory, Beckles may not be dispositive of his § 2255 Motion. Because Defendant's claim fails on the merits, it is unnecessary to resolve the applicability of Beckles.

Assuming without deciding that Beckles does not foreclose Defendant's claim for relief, the issue is whether Defendant's prior convictions can qualify as predicate offenses under a clause of USSG § 4B1.1 other than the residual clause.

As noted above, Defendant has a prior conviction for violation of 18 U.S.C. § 2113(a) and (d) and for violation of § 13-902 of the Arizona statutes. Defendant argues that neither can qualify as a predicate felony as neither has as an element the use, attempted

Court held the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924, was unconstitutionally vague. In Madrid, the Tenth Circuit applied the Supreme Court's reasoning in holding the residual clause of § 4B1.1 to likewise be unconstitutionally vague. Defendant asserts that when sentencing him the Court applied the Career Offender provisions of the Sentencing Guidelines that have now been invalidated and that he should be resentenced.

In Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886 (2017), the Supreme Court overruled Madrid, and held "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." Id., at 895. However, because Defendant here was sentenced at a time the Guidelines were mandatory rather than advisory, Beckles may not be dispositive of his § 2255 Motion. Because Defendant's claim fails on the merits, it is unnecessary to resolve the applicability of Beckles.

Assuming without deciding that Beckles does not foreclose Defendant's claim for relief, the issue is whether Defendant's prior convictions can qualify as predicate offenses under a clause of USSG § 4B1.1 other than the residual clause.

As noted above, Defendant has a prior conviction for violation of 18 U.S.C. § 2113(a) and (d) and for violation of § 13-902 of the Arizona statutes. Defendant argues that neither can qualify as a predicate felony as neither has as an element the use, attempted

use, or threatened use of physical force. However, as Plaintiff notes, the Fourth Circuit has held to the contrary:

> Bank robbery under § 2113(a), "by force and violence," requires the use of physical force. Bank robbery under § 2113(a), "by intimidation," requires the threatened use of physical force. Either of those alternatives includes an element that is "the use, attempted use, or threatened use of physical force," and thus bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3).

United States v. McNeal, 818 F.3d 141, 153 (4th Cir. 2016), cert. denied, ___ U.S. ___, 137 S.Ct. 164 (2016). Because Defendant was also convicted of violating § 2113(d), the conviction included an additional element of force. Section 2113(d) states:

> Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

The Tenth Circuit has recognized that violation of this paragraph establishes the use or threatened use of violent force. See United States v. Silva, 608 F.3d 663, 670 (10th Cir. 2010) ("Threatening or engaging in menacing conduct toward a victim, with a weapon capable of producing death or great bodily harm, threatens the use of "*violent* force" . . . ."). Thus, the Court finds that Defendant's prior conviction for violation of § 2113(a) and (d) is a predicate offense under the elements portion of USSG § 4B1.1.

Defendant's conviction under Arizona law also properly serves as a predicate offense. Considering an appeal challenging application of the Career Offender Guideline, the Ninth Circuit held violation of § 13-902 was a crime of violence. See United States v.

3

Taylor, 529 F.3d 1232, 1237 (9th Cir. 2008). While Taylor predates recent developments in this area, the Ninth Circuit continues to hold violation of § 13-902 is a crime of violence under the ACCA. See United States v. Brice, 593 F. App'x 709, 711 (9th Cir. 2015). Accordingly, the Court hold that Defendant's conviction for violating § 13-902 satisfies the elements clause of USSG § 4B1.1.

For the reasons set forth herein, even when considered on its merits, Defendant's request for relief from application of USSG § 4B1.1 will be denied. Defendant's prior convictions are adequate to trigger § 4B1.1 via application of the elements clause and without regard to the residual clause. Thus his § 2255 Motion will be denied as to this ground for relief.

Defendant argues his sentence enhancement pursuant to 18 U.S.C. § 924(c)(3)(B), must be set aside as that statute suffers from the same vagueness issues as 18 U.S.C. § 924(e)(2)(B)(ii). According to Defendant, both statutes use similar language and therefore the Supreme Court's reasoning should apply to both. As Plaintiff notes, Defendant's argument fails on the merits. As discussed above, Defendant had at least two prior convictions for violent felonies. Thus, his sentence could be enhanced under § 924(c)(3)(A). Thus, even assuming a vagueness challenge to § 924(c)(3)(B) was valid, it would not alter Defendant's sentence.

For the reasons set forth herein, Defendant's challenge to his sentence must fail. Accordingly, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct

Sentence by a Person in Federal Custody (Dkt. No. 37), and the Supplement to Defendant's Pro Se Motion Pursuant to 18 U.S.C. § 2255 (Dkt. No. 45), are DENIED. A separate Judgment shall issue.

IT IS SO ORDERED this 11th day of April, 2017.

ROBIN J. CAUTHRON
United States District Judge